IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAY ALLEN PURTEE                                                                                    PLAINTIFF

V.                                              NO. 11-2229

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                            DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Jay Allen Purtee, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his application for SSI on October 27, 2008, alleging an inability to work since October 27, 2008, due to "Injuries in my left leg and hip. Pain in my lower back and hands." (Tr. 140, 174). An administrative hearing was held on January 19, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 24-56).

By written decision dated June 15, 2010, the ALJ found Plaintiff had the following severe impairment: status post open reduction, internal fixation of left lower extremity fracture. (Tr.

10). However, after reviewing all of the evidence presented, she determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 10). The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform:

> light work as defined in 20 CFR 416.967(b) except as follows: The claimant is able to frequently lift and or carry ten pounds, and occasionally twenty pounds, sit for a total of about six hours in an eight hour workday, and stand and/or walk for six hours in an eight hour workday. The claimant can occasionally stoop, bend, crouch, squat, crawl or balance.

(Tr. 11). With the help of a vocational expert (VE), the ALJ determined that Plaintiff could not return to his past work, but that there were other jobs that he would be able to perform, such as assembler, cashier, and sales attendant. (Tr. 13-15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 6, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II. Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing

past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following arguments on appeal: 1) The ALJ did not develop the record fully and completely; 2)The ALJ's RFC determination is inaccurate; and 3) Plaintiff cannot perform the jobs identified at step five. (Doc. 10).

**A.    Full and Fair Development of the Record:**

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain

sufficient evidence to make a determination." Matthew v. Bowen, 879 F. 2d 423, 424 (8th Cir. 1989).

On January 5, 2009, Dr. Van Hoang conducted a General Physical Examination of Plaintiff. (Tr. 217-221). Dr. Hoang diagnosed Plaintiff with:

> 1. Chronic right leg bk pain post traumatic surgical (for compound fracture of the tibia, femur);
> 2. Chronic right hip pain;
> 3. Chronic low back pain;
> 4. Chronic pain in fingers/hands
> 5. GERD (reflux)

(Tr. 221). Dr. Hoang also indicated that Plaintiff had "severe physical limitation for work." (Tr. 221). Plaintiff argues that since Dr. Hoang's report was not very specific, the ALJ had a duty to ensure that the doctor complete a Medical Source Statement with specific, quantifiable restrictions, or at least seek out another consultative examination, and that she erred in failing to do so.

On January 5, 2009, non-examining physician Dr. David L. Hicks completed a Physical RFC Assessment. (Tr. 232-239, 240-247). In his assessment, Dr. Hicks found that Plaintiff would be able to perform light work with certain limitations. (Tr. 233-236). In addition, Dr. Hicks commented that considering Plaintiff's chronic right leg pain with remote history of fractures, and mild lumbar degenerative disc disease, and considering Plaintiff's daily activities, including gardening, caring for his home, and walking up to a mile, the RFC "is light with postural limitations." (Tr. 239).

The ALJ also had before him x-rays of Plaintiff's lumbar spine, taken on December 11, 2008, which indicated that there was calcification of the wall of the abdominal aorta consistent

with atherosclerosis;[1] that there was a transitional vertebra, i.e. L6, there was lumbarization of S1, narrowing of the L6-S1 disc space, preservation of height of the lumbar vertebral bodies, no evidence of spondylolisthesis, and mild levoscoliosis of the lumbar spine. (Tr. 214). X-rays of Plaintiff's left hip appeared within normal limits, and an intramedullary rod traversing the greater trochanter and proximal left femoral diaphsis was noted. (Tr. 215). Also before the ALJ were the radiology results of x-rays of Plaintiff's left tibia and fibula, taken on January 27, 2009, which revealed:

> 1. Presumed old healed fractures of the proximal tibia, distal fibula, and intramedullary rod noted in place. Old avulsion injury of the anterior tibial apophysis is also suspected.

(Tr. 249).

In spite of the fact that Plaintiff was involved in a motorcycle accident in 1981, which caused damage to his left leg, the only medical records in the transcript include those referenced above and four visits to the Good Samaritan Clinic on October 13, 2009, October 28, 2009, December 30, 2009, and January 11, 2010. (Tr. 255-261). The doctor at Good Samaritan Clinic recommended compression stockings; moisturizing cream, silvadene cream if overt ulcers developed, and vocational rehabilitation. (Tr. 255). At Plaintiff's visit on January 11, 2010, the doctor at Good Samaritan Clinic reported that Plaintiff was doing well, they discussed the use of a statin for his atherosclerosis, and he assessed Plaintiff with osteoarthritis - controlled; left extremity wound - on treatment, and antic atherosclerosis. (Tr. 260). The only medication

---

[1] Atherosclerosis - Arteriosclerosis characterized by irregularly distributed lipid deposits in the intima of large and medium-sized arteries, causing narrowing of arterial lumens and proceeding eventually to fibrosis and calcification. Lesions are usually focal and progress slowly and intermittently. Limitation of blood flow accounts for most clinical manifestations, which vary with the distribution and severity of lesions. Stedman's Medical Dictionary 174 (28th ed. 2006).

Plaintiff was taking was ibuprofen and Cephalexin, if he developed a skin infection on his bad leg. (Tr. 211).

It is clear from the above discussion that the ALJ had before him a reasonably complete record, particularly in light of Plaintiff's daily activities and the lack of objective medical evidence to support his claims. Accordingly, the Court finds that there was substantial evidence to support the fact that existing medical sources did contain sufficient evidence to make a determination.

**B. RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, the ALJ found that Plaintiff would be able to perform light work with certain postural limitations. The ALJ considered the fact that Plaintiff suffered injuries in a motorcycle

accident in 1981, including compound fractures of the tibia and femur that were surgically reduced at the time of the injury. (Tr. 11). She also discussed the x-ray results as indicated above, finding that there was no indication of an acute or symptomatic condition. (Tr. 11-12). In addition, the ALJ noted that although it was recommended to Plaintiff that he should undertake vocational rehabilitation, Plaintiff failed to do so. (Tr. 12).

The ALJ gave Dr. Hoang's opinion little weight, because it was not consistent with the medical evidence as a whole, and gave the opinions of Plaintiff's examining and treating physicians substantial weight. (Tr. 12). The ALJ also weighed the opinion of the non-examining expert "consistent with CFR 404.1527." (Tr. 12).

Finally, the ALJ addressed Plaintiff's daily activities, noting that he was able to live independently, maintain his household, prepare his own food, mow his yard, and drive a car. (Tr. 12). Plaintiff had no problems with his personal care, shopped, paid his bills, watched television and tended a vegetable garden. (Tr. 13).

The Court finds that the RFC took into consideration all of the limitations which were supported by the record. Therefore, the Court finds there is sufficient evidence to support the ALJ's RFC findings.

    **C.**    **Step Five findings:**

The ALJ found that although Plaintiff would not be able to perform his past relevant work, there were other jobs Plaintiff could perform, such as assembler, cashier, and sales attendant. (Tr. 15). Plaintiff argues that the ALJ should have included his inability to be on his feet for six hours per day, and his need to elevate his legs for 20 minutes every two hours in the hypothetical question.

After thoroughly reviewing the hearing transcript, along with the entire evidence of record, and based upon the fact that the Court has found that there is substantial evidence to support the ALJ's RFC determination that Plaintiff could perform light work with certain limitations, the Court finds the ALJ set forth the impairments which she accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). The ALJ may exclude, as she did in this instance, any alleged limitation or impairments she rejects as untrue or unsubstantiated. See Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001).

The Court finds that the VE's responses to the question posed by the ALJ constitute substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as an assembler, cashier, and sales attendant. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**V.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 15th day of October, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE